**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LARRY NELSON,

        Petitioner,               Case Number: 05-CV-60128

v.                                     HON. JOHN CORBETT O'MEARA

T.Z. COZZA-RHODES and UNITED
STATES PAROLE COMMISSION,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S**
**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Larry Nelson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges the legality of his arrest pursuant to an alleged parole violation. At the time he filed his petition, Petitioner was confined at the Wayne County Jail. He was subsequently transferred to the Federal Detention Center in Milan, Michigan. Petitioner was granted a 12-hour furlough on August 6, 2005, to attend his wife's funeral. Petitioner failed to return as ordered. Respondent has filed a Motion to Dismiss the petition on the ground that Petitioner remains on escape status.

**I.**

It is well-settled that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal. Ortega-Rodriguez v. United States, 507 U.S. 234, 239 (1993). In the context of a direct criminal appeal, the Supreme Court has reasoned that a defendant's escape during the pendency of his appeal, while not

stripping "the case of its character as an adjudicable case or controversy, . . . disentitles the defendant to call upon the resources of the Court for determination of his claims." Molinaro v. New Jersey, 396 U.S. 365, 366 (1970). This rule allowing dismissal of fugitives' appeals rests "in part on enforceability concerns, and in part on a "disentitlement" theory that construes a defendant's flight during the pendency of his appeal as tantamount to waiver or abandonment." Ortega-Rodriguez, 507 U.S. at 240.

The Sixth Circuit Court of Appeals has applied the fugitive disentitlement doctrine to dismiss an appeal from a habeas corpus petitioner where the petitioner escaped during the pendency of his appeal. Taylor v. Egeler, 575 F.2d 773 (6th Cir. 1978). The Court of Appeals reasoned:

> The literal meaning of the writ of habeas corpus ad subjiciendum comes from the Latin habeas corpus which means "you should have the body." It is an extraordinary writ the office of which is to examine the legality of a prisoner's confinement. If granted, the writ orders the jailer or other custodian to produce the body and free the prisoner either absolutely or conditionally. If there is no body for the jailer to produce, the writ is unnecessary.

Id., at 773. *Accord* Arana v. United States Immigration and Naturalization Service, 673 F.2d 75 (3rd Cir. 1982); Lopez v. Malley, 552 F.2d 682 (10th Cir. 1977); Gonzales v. Stover, 575 F.2d 827 (10th 1978); Johnson v. Laird, 432 F.2d 77 (9th 1970).

The reasoning which justifies dismissal of a fugitive's appeal from the denial of a habeas corpus petition also justifies the dismissal of a fugitive's habeas corpus petition in the district court. Bagwell, 376 F.3d at 412. First, a federal habeas court cannot enforce its judgment if a petitioner is a fugitive. Id. Second, a prisoner who escapes while his

2

petition is pending "intentionally waives control over the proceedings." Id. "[A] prisoner's escape is no less an affront to the dignity of a federal court sitting in habeas than it is to a court reviewing a direct appeal." Id. *See also* Prevot v. Prevot, 59 F.3d 556, 562-67 (6th Cir. 1995) ("Disentitlement applies to federal trial courts in civil cases as well as to appellate courts."). Thus, federal district courts may dismiss habeas petitions if the petitioner is a fugitive from justice. *See* Bagwell v. Dretke, 376 F.3d 408 (5th Cir. 2004); United States v. Collins, 651 F. Supp. 1177 (S.D. Fla. 1987); Clark v. Dalsheim, 663 F. Supp. 1095 (S.D. N.Y. 1987); Crawford v. Varner, 2002 WL 229898 *2) (D. Del. 2002) ("The Court can discern no reason to entertain a habeas petition filed by a fugitive whose own unlawful actions preclude the very relief he seeks.").

The Court, therefore, shall dismiss the habeas petition. This dismissal shall be without prejudice. *See* Taylor, 575 F.2d at 773.

## II.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the matter is **DISMISSED WITHOUT PREJUDICE**.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  January 11, 2006

3